CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 SEP -9 AM 8:40
[signature]
CLERK-SANTA FE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>and<br><br>TERRY PIERSOL,<br><br>    Plaintiff-in-Intervention,<br><br>vs.<br><br>CITY OF BELEN, NEW MEXICO,<br><br>    Defendant. | No. CIV 99-0404 PK/KBM |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the Plaintiff-In-Intervention's Motion to Consolidate filed August 12, 1999 (doc. 28), and the court, being advised fully in the premises, finds that the motion is not well taken and should be denied.

### Background

In this Title VII action (99-0404 PK/KBM), the United States seeks injunctive relief based upon an alleged pattern or practice of gender discrimination by the City of Belen, see 42 U.S.C. § 2000e-6(a); and also seeks an

award of compensatory damages to Ms. Piersol based upon her individual charges of discrimination, see id. § 2000e-5(f)(1). The court granted Ms. Piersol's motion to intervene. See id. Ms. Piersol now seeks to consolidate this action and a 42 U.S.C. § 1983 action pending before another judge in this district, see Piersol v. Belen Police Dep't, No. CIV 99-0458 BB/KBM. Ms. Piersol's § 1983 action names the municipality and six individual defendants. Of course, the Title VII action is directed at the municipality as her employer, and cannot include "personal capacity [claims] against individuals who do not otherwise qualify as employers under the statutory definition." Butler v. City of Prairie Village, Ks., 172 F.3d 736, 743-44 (10th Cir. 1999) (construing ADA in like manner as Title VII); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). All defendants oppose consolidation.

## Discussion

Consolidation does not change the rights of the parties although it may affect appealability of claims. See Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933). Given common issues of law or fact, "it is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay or expense that it would cause." 9 Charles A. Wright, et al., Federal Practice & Procedure § 2383 at 439 (1995); see also Malcom v. National

2

Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993) (discussing factors). The court also should consider any injury that might result in not ordering consolidation. See Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978).

Although the issues concerning Ms. Piersol in both cases may be similar, the proof in the Title VII action on the pattern or practice claim must go beyond isolated acts of discrimination and retaliation involving only Ms. Piersol. On the pattern or practice claim, the government must "establish by a preponderance of the evidence that [gender] discrimination [and/or retaliation] was the [employer's] standard operating procedure–the regular rather than the unusual practice." International Brhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977); see also Coe v. Yellow Freight Sys., Inc., 646 F.2d 444, 449 n.1 (10th Cir. 1981) (contrasting pattern or practice actions with those designed to vindicate individual instances of discrimination); EEOC v. Continental Oil Co., 548 F.2d 884, 887 (10th Cir. 1977) (same). It would be unfair to subject the individual Defendants in the § 1983 action to the additional evidence that will likely be adduced in attempting to prove that the employer had "a regular procedure or policy," Teamsters, 431 U.S. at 360, of gender discrimination and retaliation.

The United States and Ms. Piersol contend that issue or claim preclusion may result if a judgment is rendered in one these actions, see Willner v. Budig, 848 F.2d 1032, 1034 (10th Cir. 1988); Harrington v. Vandalia-Butler Bd. of

Educ., 649 F.2d 434, 440 (6th Cir. 1981), but that risk is on all parties. Moreover, Ms. Piersol has not demonstrated that the remedy she seeks, compensatory damages, may be unavailable if the actions are not consolidated. The court rejects the arguments by the § 1983 Defendants that Title VII and § 1983 claims are somehow too complex or confusing to be tried together. On balance, however, after weighing the factors for and against consolidation, the court will deny the consolidation.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff-In-Intervention's Motion to Consolidate filed August 12, 1999 (doc. 28), is denied.

DATED this <u>8th</u> day of September 1999, at Santa Fe, New Mexico.

> *Paul Kelly Jr.*
> United States Circuit Judge
> Sitting by Designation

Counsel:

Barbara Arbuckle, Albuquerque, New Mexico, for Plaintiff-in-Intervention.

Bill Lann Lee, Acting Assistant Attorney General-Civil Rights Division, and William B. Fenton, Michael W. Johnson and Andrew A. Foose, Attorneys, U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, Washington, D.C., for Plaintiff.

David J. Duddleston, Thomas E. Marshall and Molly P. Wright, Jackson Lewis Schnitzler & Krupman, Minneapolis, Minnesota, and Virginia Anderman, Miller,

Stratvert & Torgerson, P.A., Albuquerque, New Mexico, for Defendant City of Belen and Defendants (in No. 99-0458 BB/KBM) Ray Jaramillo, Alex Sanchez, Richard Aragon, and Placido Gonzales.

Gregory D. Huffaker and Lisa Joynes, Huffaker & Conway, P.C., Albuquerque, New Mexico, for Defendants (in No. 99-0458 BB/KBM) Jerry Baca and Ronald Lewis.